**150**

Edward COLON, Petitioner,

v.

E.W. JONES and Robert Abrams,
Respondents.

No. 83 Civ. 1397.

United States District Court,
S.D. New York.

Oct. 1, 1986.

1. Colon subsequently made a motion to vacate his conviction, pursuant to New York C.P.L.

Edward Colon, pro se.

Robert Abrams, Atty. Gen. of N.Y., New York City by Frederick S. Cohen and Gerald J. Ryan, for respondents.

KRAM, District Judge.

Edward Colon petitions this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He seeks relief from his New York State conviction by a jury, on June 20, 1979, for selling heroin to an undercover police officer in Manhattan. Colon was convicted of criminal sale of a controlled substance in the first and second degrees, and criminal possession of a controlled substance in the second and fifth degrees. He was sentenced to from fifteen years to life for first degree criminal sale, and to three concurrent terms of from six years to life on the remaining convictions. He is currently incarcerated pursuant to his state conviction.

Petitioner appealed his conviction to the New York Appellate Division, arguing four grounds for relief: 1) that the evidence at trial was insufficient to prove that the sale of two bags of heroin constituted a single sale of more than one ounce of heroin; 2) that the trial court deprived petitioner of his constitutional right to trial by jury by determining that as a matter of law, the acts of a particular day constituted a single sale of heroin; 3) that the prejudicial impact of testimony by certain witnesses deprived petitioner of a fair trial; and 4) that petitioner's constitutional right to due process of law was violated by the court's erroneous jury charge regarding the defense of agency.

Petitioner's conviction was affirmed by the Appellate Division on December 23, 1980 and leave to appeal to the New York Court of Appeals was subsequently denied.[1] Colon then petitioned this Court for

§ 440.10, arguing that he had been entitled to an entrapment defense at trial. That motion

habeas relief, arguing the same grounds set forth in his state appeal.[2]

Presently before the Court is respondent's motion to dismiss Colon's petition, which argues that Colon failed to exhaust his state remedies in his third and fourth claims. That motion is denied.

■ Failure to exhaust state remedies with respect to any federal constitutional claim raised before this Court mandates that the federal habeas petition be dismissed in its entirety. *Rose v. Lundy,* 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). The Court finds, however, that petitioner has exhausted his state remedies on all the claims contained in his habeas petition, having fairly presented to the state courts the constitutional questions raised in this petition. *Daye v. Attorney General of the State of New York,* ("Daye II"), 696 F.2d 186 (2d Cir.1982) *(en banc),* cert. denied, 464 U.S. 1048, 104 S.Ct. 723, 79 L.Ed.2d 484 (1984).

In "Daye II", the Second Circuit determined that it is not necessary for a habeas petitioner to "cite book and verse" of the Constitution in order to fairly present his federal claim to the state courts. 696 F.2d at 192 *(quoting Picard v. Connor,* 404 U.S. 270, 278, 92 S.Ct. 509, 513, 30 L.Ed.2d 438 (1971)). But "if a petitioner has cited the state courts to the specific provision of the Constitution relied on in his habeas petition, he will have fairly addressed his legal basis to the state courts." 696 F.2d at 192.

■ This is precisely what petitioner has done. In his appellate brief, petitioner cites to specific applicable provisions of the Constitution in the heading of each argument. He also cites to these provisions in the discussion of each point as well. Having done this, petitioner has satisfied the exhaustion requirement.

Respondent's argument that explicit citations to applicable provisions of the Constitution is "inadequate" to alert state courts of a constitutional claim is without merit. Respondent's motion to dismiss is denied, and respondent is to file a brief on the merits within thirty days of the date of this order.

The Court has also reviewed petitioner's motion requesting appointment of counsel to represent him in his habeas petition. The Court reserves decision on this motion until it receives respondent's brief on the merits.

SO ORDERED

---

was denied and is unrelated to the claims in petitioner's habeas petition.

**2.** Following his original petition, Colon subsequently filed a second habeas petition before this Court. *Colon v. Reid,* 86 Civ. 5893. Since the petitions present virtually identical claims, the Court acknowledges the second petition as a duplicate of the petition to which the Court responds at this time. The Court consolidates 86 Civ. 5893 with this case, 83 Civ. 1397. *Colon v. Reid,* 86 Civ. 5893 is thus closed.